**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| AMERICAN INTERSTATE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-CV-342-JHP-TLW |
| ) | |
| WILSON PAVING & EXCAVATING, ) | |
| INC., and STEVEN L. BROOM, ) | |
| Defendants. ) | |

**ORDER**

Before the Court is Defendant Wilson Paving & Excavating's Motion To Stay Proceedings and Combined Brief In Support [Docket No. 18], Plaintiff's Response in Opposition To Defendant Wilson Paving's Motion [Docket No. 20], and Defendant Steven L. Broom's Response In Support of Wilson Paving's Motion [Docket No. 21]. For the reasons stated herein, Defendant's Motion To Stay These Proceedings is DENIED.

**Background**

On March 19, 2009, Steven L. Broom filed a lawsuit in the District Court for Tulsa County[1] against Wilson Paving & Excavating, Inc., (hereinafter "Wilson Paving") and others, regarding injuries he allegedly sustained while working on a project at the Sand Springs High School. At the time of Mr. Broom's alleged injuries, Wilson Paving was covered under two policies of insurance: one through American Interstate Insurance Company (hereinafter "AIIC"), and another through Mid Continent Casualty Company (hereinafter "MCCC"). AIIC provides worker's compensation and employer's liability insurance to Wilson Paving. At this time AIIC has agreed to provide a defense

---

[1]Case No. CJ-09-02127

1

to Wilson Paving in the state court litigation filed against it by Steven L. Broom under a Reservations of Rights letter until certain coverage questions can be resolved. AIIC filed this lawsuit on June 3, 2009, requesting a declaratory judgment regarding its rights and responsibilities under the worker's compensation and employer's liability policy. AIIC is challenging whether it has a duty to defend and/or indemnify Wilson Paving, and ultimately Steven L. Broom, under the terms of the worker's compensation and employer's liability policy.

MCCC has also taken the position there is no coverage under the commercial general liability policy for Steven L. Broom's claims against Wilson Paving. On February 26, 2008, MCCC filed a declaratory judgment action in the District Court For Tulsa County[2], regarding its rights and responsibilities under the commercial general liability policy issued to Wilson Paving.

On July 17, 2009, Defendant Wilson Paving filed a Motion To Stay these proceedings until certain issues have been resolved in the state court declaratory judgment action. In the alternative, Wilson Paving requests this Court deny jurisdiction in this matter and require the Plaintiff to pursue its claims in state court on the basis that the declaratory judgment action brought by AIIC should be required to proceed in the state court action brought by MCCC. Defendant Steven L. Broom submitted a motion adopting Defendant Wilson Paving's position.

## Discussion

The Declaratory Judgment Act states, "[i]n a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "The Supreme Court has long made clear that the

---

[2]Case No. CJ-08-01532

Declaratory Judgment Act 'gave the federal court competence to make a declaration of rights; it did not impose a duty to do so.'" *State Farm Fire And Casualty Co. v. Mhoon*, 31 F.3d 979 (10th Cir. 1994) citing *Public Affairs Associates, Inc. v. Rickover*, 369 U.S. 111,112, 82 S.Ct. 5810, 581, 7 L.Ed.2d 604 (1962).

The "actual controversy" requirement of the Declaratory Judgment Act has repeatedly been equated to the Constitution's case-or-controversy requirement. *Surefoot L.C. v. Sure Foot Corp*, 531 F.3d 1236, 1240 (10th Cir. 2008) citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-40, 57 S.Ct. 461, 81 L.Ed. 617 (1937)("The Declaratory Judgment Act of 1934, in its limitation to 'cases of actual controversy,' manifestly has regard to the constitutional provision and is operative only in respect to controversies which are such in the constitutional sense."); U.S. Const. Art. III § 2 ("The judicial Power shall extend to all Cases ... [and] Controversies....").

It has been clearly established that a controversy between an insurer and an insured regarding the existence of the duty to indemnify or defend under the terms of an insurance policy creates an "actual controversy" under the Declaratory Judgment Act. *Western Cas. & Sur. Co. v. Teel,* 391 F.2d. 764, 766 (10th Cir. 1968)("It was additionally recognized by this court in *Franklin Life Insurance Co. v. Johnson*, 157 F.2d 653 (10th Cir. 1946), that a declaratory action by an insurer to establish nonliability under casualty insurance was one of the prime purposes of the Declaratory Judgment Act."); *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed 826 (1941).

Once the Court is satisfied that a controversy exists, the Court is entitled to consider a number of case-specific factors in deciding whether or not to exercise its statutory declaratory judgment authority. *Surefoot*, 531 F.3d at 1240; *Mhoon*, 31 F.3d at 982-3. Those factors have been

identified as:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or to "provide an arena for a race to *res judicata*"; [4] whether use of a declaratory judgment action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better and more effective.
>
> *Mhoon*, 31 F.3d at 983 (internal citations omitted).

The first two factors are similar in purpose and as such, can be addressed together. In the case at bar, a declaratory judgment action would settle the controversy regarding whether AIIC is required to continue to provide a defense to Wilson Paving in the underlying state court litigation brought by Steven L. Broom. It would also determine whether AIIC is required to pay any judgment if one is ultimately awarded. As such, the declaratory judgment action serves a useful purpose in clarifying the relationship between the parties and the legal issues at hand.

Defendant Wilson Paving argues that certain decisions which could be rendered by the Tulsa County District Court in the declaratory judgment action brought by MCCC may render the declaratory judgment litigation brought by AIIC null and void. The Court disagrees that any rulings by the Tulsa County District Court in the MCCC declaratory judgment action, to which AIIC is not a party, would render the action brought by AIIC null and void. The legal issues presented in the declaratory judgment brought by AIIC are different from those presented in the action brought by MCCC since at issue in that suit are the terms and conditions of the separate commercial general liability insurance policy which Wilson Paving purchased through MCCC. The declaratory judgment action brought before this Court is not related to the commercial general liability policy, but rather, a separate worker's compensation and employer's liability policy purchased through

AIIC.

There has been no allegation made, and the record has no indication that the declaratory judgment action brought by AIIC was brought merely for the purpose of "procedural fencing" or to "provide an arena for a race to *res judicata*." Further, since the state court declaratory judgment action involves a separate insurance policy and, as such, separate issues, it is the opinion of this Court that allowing the declaratory judgment action by AIIC to proceed neither increases friction between the federal and state courts, nor improperly encroaches upon state jurisdiction. Finally, AIIC has chosen an effective avenue by which to determine what its obligations are regarding the defense and indemnity required under the worker's compensation and employer's liability policy. AIIC argues there is substantial interest in deciding these issues without undue delay, particularly the issues regarding the duty to defend, and the Court agrees.

## **Conclusion**

For the foregoing reasons, the Court finds that Defendant's Motion To Stay Proceedings is therefore DENIED so that these proceedings may continue without delay.

IT IS SO ORDERED this 20th day of October 2009.

_____
James H. Payne
United States District Judge
Northern District of Oklahoma