## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMERICAN INTERSTATE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 09-CV-342-JHP-TLW ) |
| WILSON PAVING & EXCAVATING, INC., and STEVEN L. BROOM, Defendants. | ) ) ) ) |

### OPINION AND ORDER

Before the Court is Plaintiff American Interstate Insurance Company's Motion for Summary Judgment and Brief in Support [Docket Nos. 22 and 23], Defendant Steven L. Broom's Response in Opposition [Docket No. 22], Defendant Wilson Paving and Excavating, Inc.'s Response in Opposition [Docket No. 29] and Plaintiff's Reply to Defendants' Response [Doc. No. 22]. For the reasons stated herein, Plaintiff's Motion for Summary Judgment is hereby **GRANTED**.

### Background

In March, 2007, Independent School District No. 2 of Tulsa County contracted with The Watts Company to construct part of the Sand Springs Memorial Stadium renovation project at Charles Page High School in Sands Springs, Oklahoma (hereinafter "stadium project"). The Watts Company then subcontracted with Wilson Paving and Excavating, Inc. (hereinafter "Wilson Paving") to dig trenches and install a storm water drainage system for this project.

On May 29, 2007, the foreman for the job, Jack Bailey, contacted Labor Ready, a temporary employment agency, to request a laborer to assist with digging ditches at the stadium project. Steven L. Broom was sent by Labor Ready to the job site. Bailey supervised Broom's work on the

1

stadium project.

On May 30, 2007, while Broom was working in a trench at the stadium project, one side of the trench collapsed, twice, causing dirt to cave in around him. Broom sustained injuries as a result of the trench's collapse.

Broom is receiving workers compensation benefits from Labor Ready as a result of the injuries he sustained in this incident. American Interstate Insurance Company (hereinafter "AIIC") issued a policy of insurance to Wilson Paving for the period of October 1, 2006, to October 1, 2007. The policy states in pertinent part:

> **PART TWO**
> **EMPLOYERS LIABILITY INSURANCE**
> **A.   How This Insurance Applies**
> This employers liability insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.
> 1. The bodily injury must arise out of and in the course of the injured employee's employment by you.
> 2. The employment must be necessary or incidental to your work in a state or territory listed in item 3.A. of the information page.
> 3. Bodily injury by accident must occur during the policy period.
> . . .
> **B.   We Will Pay**
> We will pay all sums you legally must pay as damages because of bodily injury to your employees provided the bodily injury is covered by this Employers Liability Insurance.
> The damages we will pay, where recovery is permitted by law, include damages:
> 1. For which you are liable to a third party by reason of a claim or suit against you by that third party to recover the damages claimed against such third party as a result of injury to your employee;
> 2. For care and loss of services; and
> 3. For consequential bodily injury to a spouse, child, parent, brother, or sister of the injured employee;

> > provided that these damages are the direct consequence of bodily injury that arises out of and in the course of the injured employee's employment by you; and
> 
> > 4. Because of bodily injury to your employee that arises out of and in the course of employment, claims against you in a capacity other than as employer.
> 
> **C.  Exclusions**
> This insurance does not cover: . . .
> > 5. Bodily injury intentionally caused or aggravated by you;
> 
> . . .
> 
> **D.  We Will Defend**
> We have the right and duty to defend, at our expense, any claim, proceeding or suit against you for benefits payable by this insurance.  We have the right to investigate and settle these claims, proceedings or suits.
> We have no duty to defend a claim, proceeding or suit that is not covered by this insurance.  We have no duty to defend or continue defending after we have paid our applicable limit of liability under the insurance.
> 
> [Doc. No. 23-1]

On March 19, 2009, Broom filed a lawsuit in the District Court for Tulsa County[1] against Wilson Paving and others, seeking to recover damages for the injuries sustained while working on the stadium project.  Broom's lawsuit alleges that Wilson Paving:

> knew or should have known the manner which they were requiring the Plaintiff to work presented a substantial certainty of injury or death to the Plaintiff.
> 
> knew or should have known with substantial certainty the danger and risk of injury or death involved with violating OSHA regulations regarding trenches and having Plaintiff and/or others similarly situated working inside a trench without any training, without being provided a hard hat, without a means to escape, without trench wall reinforcement and with dirt piled too close to the edge of the trench.
> 
> intentionally placed Plaintiff inside an open trench knowing injury to

---

[1]Case No. CJ-09-02127

3

> Plaintiff was substantially certain to occur considering the combination of serious safety violations, the ground being wet from heavy rain and the rain continuing while Plaintiff was working inside the open trench.
>
> knew or should have known the manner in which Plaintiffs or others similarly situated were required to work was in violation of OSHA standards.
> [Doc. No. 23-3]

At this time AIIC has agreed to provide a defense to Wilson Paving in the state court litigation filed against it by Broom under a Reservations of Rights letter until the coverage questions raised in this case are resolved. AIIC filed this lawsuit on June 3, 2009, requesting a declaratory judgment regarding its rights and responsibilities under the workers compensation and employers liability policy. All parties admit the Workers Compensation Insurance coverage provided for in Part One if the AIIC policy does not apply to the claims against Wilson Paving in this case.

## DISCUSSION

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In making the summary judgment determination, the Court examines the factual record and draws reasonable inferences therefrom in the light most favorable to the non-moving party. *Simms v. Oklahoma*, 165 F.3d 1321, 1326 (10th Cir. 1999). The presence of a genuine issue of material fact defeats the motion. An issue is "genuine" if the evidence is significantly probative or more than merely colorable such that a jury could reasonably return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A fact is "material" if proof thereof might affect the outcome of the lawsuit as assessed from the controlling substantive law. *Id*. at 249.

## A.   EMPLOYEE STATUS OF BROOM

AIIC seeks a ruling from this Court that, under the terms of the insurance policy it issued to Wilson Paving, it has no duty to defend and/or indemnify Wilson Paving, and ultimately Broom in the underlying state court litigation. AIIC argues that Broom was a loaned servant of Wilson Paving. Both Wilson Paving and Broom state in their Responses in Opposition to the Plaintiff's summary judgment motion, that "[w]hether or not Broom was a 'loaned servant' or 'special employee' of Wilson is a question of fact." [Doc. No. 29] [see also Doc. No. 28] However, neither Wilson Paving, nor Broom dispute the fact that if Broom is determined not to be an "employee" of Wilson Paving as set forth in the insurance policy, then the AIIC policy does not provide any coverage for this occurrence and the Plaintiff would therefore be entitled to summary judgment.[2]

Broom admitted in his Answer to the Plaintiff's Complaint in this litigation that he was an employee of Wilson Paving "pursuant to an agreement between Wilson and a temporary employment agency variously known as Labor Ready Inc. . ." [Doc. Nos. 2 and 16] In light of Broom's admission, for purposes of the Plaintiff's summary judgment motion, this Court will assume that, at the time of his injuries, Broom was a loaned servant of Wilson Paving sufficient be an employee under the AIIC policy.

## B.   COVERAGE UNDER THE POLICY FOR INTENTIONAL TORTS

Initially this Court notes that, because this is a diversity case, Oklahoma insurance law applies. *See Zurich American Ins. Co. v. O'Hara Reg'l Ctr. for Rehabilitation,*, 529 F.3d 916, 920 (10th Cir.2008). Under Oklahoma law, if the terms of a contract are "unambiguous, clear and

---

[2]"If Broom was not an 'employee' of Wilson, then Plaintiff's policy would not apply." [Doc. No. 28, pg 7]

consistent, they are to be accepted in their ordinary sense and enforced to carry out the expressed intention of the parties." *Roads West, Inc. v. Austin,* 91 P.3d 81, 88 (Okla.Civ.App.2004).

The AIIC policy only provides coverage for injury caused by "accident" or by disease. "'Accident' is not a technical term and the Court must construe the term in its "plain and ordinary sense." *Littlefield v. State Farm Fire and Cas. Co.,* 857 P.2d 65, 69 (Okla.1993) "According to the Oklahoma Supreme Court, the words, 'accident' and 'accidental' have never acquired any technical meaning in law, and when used in an insurance contract, they are to be construed and considered according to common speech and common usage of people generally." *Farmer's Alliance Mut. Ins. Co. v. Salazar,* 77 F.3d 1291, 1297 (10th Cir.1996)(internal citations omitted). "Thus, an accident 'is an event from an unknown cause, or an unexpected event from a known cause. An unusual event and unexpected result, attending the performance of a usual or necessary act.' " *Id.* The policy also provides an exclusion for injuries "**intentionally** caused or aggravated by you." [Doc. No. 23-1](emphasis added)

In the underlying state court litigation, Broom argues he is not limited to workers compensation as an exclusive remedy because of the intentional tort exception to this general rule the Oklahoma Supreme Court established in *Parret v. Unicco Service Co.*, 2005 OK 54, 127 P.3d 572. However, AIIC argues it is because the allegations asserted against Wilson Paving in the state court litigation are only *Parret* claims, that they fall outside the scope of what the insurance policy provides coverage for.

In *Parret*, the Court established actions an employer knew were substantially certain to cause injury fall outside the exclusive remedy provision of workers compensation. The *Parret* Court held "[t]he substantial certainty standard strikes the proper balance by emphasizing employees' interest

6

in protection from employer misconduct while maintaining employers' fixed liability for all but intentional workplace injuries." *Parret*, 127 P.3d at 579. The Court then went on to say that in an effort to prevent any confusion regarding when this standard applies, "the standard must be clearly articulated and its parameters defined." *Id*. The Court explained:

> In order for an employer's conduct to amount to an intentional tort, the employer must have (1) desired to bring about the worker's injury or (2) acted with the knowledge that such injury was substantially certain to result from the employer's conduct. Under the second part of this standard, the employer must have intended the act that caused the injury with knowledge that the injury was substantially certain to follow. The issue is not merely whether injury was substantially certain to occur, but whether the employer knew it was substantially certain to occur. The employer's subjective appreciation of the substantial certainty of injury must be demonstrated. In most cases, however, it will be necessary to demonstrate the employer's subjective realization by circumstantial evidence. Thus, an employer's knowledge may be inferred from the employer's conduct and all the surrounding circumstances.
> *Parret*, 127 P.3d at 579.

The Defendants argue the AIIC policy provides coverage for injuries which occurred under *Parret* situations but not intentional torts where it can be shown there was an intent to cause injury. The Defendants focus on the distinction between the substantial certainty standard and a standard which would require actual knowledge of harm.

Chief Judge Claire Eagen in the Northern District of Oklahoma recently decided a case factually similar in *Evanston Ins. Co. v Dean*, 2009 WL 2972336 (N.D. Okla. Sept. 11, 2009) (*unpublished*). In *Evanston*, the Court construed the terms of a commercial general liability policy which provided coverage for injuries "caused by an occurrence." The policy defined occurrence as an "accident, including continuous or repeated exposure to substantially the same general harmful conditions." *Evanston,* 2009 WL 2972336 at *7. The parties in *Evanston* presented the same

arguments as are presented to this Court by AIIC: that if the trier of fact in the underlying state case were to conclude the insured acted with substantial certainty that injury would occur, the injury was not the result of an accident and there was no occurrence giving rise to coverage under the Policy. See *Evanston,* 2009 WL 2972336 at *7.

The *Evanston* Court concluded:

> While a *Parret* claim based on the substantial certainty standard is distinguishable from intentional assault and battery or murder, a necessary element of a *Parret* claim is that the employee's injury was substantially certain to occur and the employer was aware of the risk of injury, and an employee must show that his injury was the result of something other than the employer's simple negligence.
> The Court concludes that plaintiff has no duty to defend or indemnify ICES against Dean's *Parret* claim. Dean is clearly attempting to avoid the exclusive liability provided by the Oklahoma Workers' Compensation Act and has alleged an intentional tort against his employer. There is no reasonable way to construe the term "occurrence" to provide coverage for an intentional tort, and ICES has failed to establish that coverage exists for Dean's *Parret* claim.
> *Evanston,* 2009 WL 2972336 at *7-8

Broom, in his response to the summary judgment motion argues that this Court should not follow the *Evanston* opinion because it focused solely on the pleadings in reaching a conclusion and "makes the leap that if the Defendant's actions are 'substantially certain' then his actions necessarily constitute an 'intentional tort' and are thereby excluded from coverage by the intentional act exclusion of the insurance policy." [Doc. No. 28] This Court disagrees with the Defendant's assessment of the *Evanston* opinion.

The Oklahoma Supreme Court in *Parret* made clear that the subset of cases that would follow from it were **intentional** torts. The Oklahoma Supreme Court has since clarified this standard by stating that "[t]o remove the injured worker's claim from the exclusive remedy provision of the Workers' Compensation Act and allow the worker to proceed in district court, **nothing short of a**

8

**demonstration of the employer's knowledge of the substantial certainty of injury will suffice**." *Price v. Howard*, 2010 OK 26, ¶10, __ P.3d. __. (emphasis in original)[3]  "The employer's cognizance of a foreseeable risk, high probability, or substantial likelihood of injury are insufficient to impose tort liability." *Id.* In light of this, this Court agrees with the *Evanston* Court that the exclusion for intentional acts applies, but also notes that at the very least, the alleged acts are not "accidents" as is required in order to be covered by the policy.

The Oklahoma Court of Civil Appeals has also decided a case recently regarding policy provisions almost identical to those in the AIIC policy at issue. In *CompSource Oklahoma v. L&L Const., Inc.*, 2009 OK CIV APP, 207 P.3d 415, the Court examined an Employer's Liability Policy which "applies to bodily injury by accident or bodily injury by disease." *CompSource*, 207 P.3d at 418. In *CompSourse*, as in this case and in *Evanston*, the insurance company was seeking a declaratory judgment that it was not obligated to indemnify or defend the insured in a separate litigation which alleged claims under *Parret*. The Court held:

> With respect to CompSource, the Policy specifically excludes from liability bodily injury intentionally caused or aggravated by an employer. Despite an attempt to avoid this clause through *Parret,* the exclusion applies to all intentional harm. Contrary to L & L's argument, *Parret* did not recognize two types of intentional tort. Rather, it clarified what kind of conduct constituted an intentional tort.
> . . .
> The policy does not cover intentional harm because Section C Exclusions so states. The trial court's order with respect to CompSource's Motion for Summary Judgment, in which it stated that "CompSource has no obligation under the Policy to indemnify L & L Construction for any loss that L & L Construction may suffer

---

[3]This case was decided after the briefing was completed by the parties.  A Notice of Supplemental Authority was filed by the Plaintiff making the Court aware of the relevant case law. [Doc. No. 39]

> arising out of a determination that L & L Construction has committed an intentional tort under *Parret*," is affirmed.

Although this Court recognizes that *Evanston* and *CompSource* are not binding authority, this Court finds them to be well reasoned and persuasive opinions. This Court agrees with the Court in *CompSource* that the Oklahoma Supreme Court did not create a separate class of intentional torts by using the substantial certainty test in *Parret* which would circumvent the intentional tort exclusion in many insurance policies.

The AIIC policy language states that the policy only covers bodily injury caused by accident or disease and specifically excludes "bodily injury intentionally caused or aggravated" by the insured. In this case, Broom, in the underlying state court litigation, has pled only various allegations of intentional conduct against Wilson Paving in order to avoid the exclusive nature of the workers compensation remedy. The allegations against Wilson Paving, if true, are clearly not for bodily injury caused by accident or "an unknown cause,"[4] but instead are allegations of intentional acts for which Broom claims Wilson Paving is liable; therefore, there is no possibility these claims are covered under the AIIC policy.

All parties have agreed that Part One of the policy regarding workers compensation coverage is not applicable to this case. Further, for the reasons set for in this Opinion and Order, this Court finds that AIIC has no duty to indemnify these claims under Part Two of the policy.

The policy also states AIIC has "no duty to defend a claim, proceeding or suit that is not covered by this insurance." Since this Court has found that there is no possibility that the claims against Wilson Paving are covered under the AIIC policy, there is no duty to defend.

---

[4]*See Salazar*, 77 F.3d at 1297 (defining "accident" and "accidental" under Oklahoma law).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment and Brief in Support is hereby **GRANTED**.

**IT IS SO ORDERED**.

_____
James H. Payne
United States District Judge
Northern District of Oklahoma